ant's intestate, having purchased at the sale by *Brewer*, the trustee, with a knowledge of that claim, ought not to be allowed any deduction on account thereof, supposing it to be valid. But the chancellor is of opinion, that the claim of *B. Ogle* was entitled to a preference, and that it is now before the court to be considered in the same manner as if he had been a party to the original bill. *Decreed*, that (the contract not being annulled as is therein prayed,) the injunction heretofore issued be perpetual. *Decreed* also, that the claim of the complainant on the judgment assigned by *B. Ogle* have a preference to the claim of the mortgagor, *Bell*, out of the proceeds of the sale made by the trustee, *Brewer*. From this decree the defendant, *Bell*, appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, and MARTIN, J. by

*Martin*, for the Appellant; and by
*Magruder*, for the Appellee.

DECREE AFFIRMED.

---

## WEST vs. J. & B. JARRETT.

APPEAL from a decree of the Court of Chancery. The bill of the complainant, (now appellant,) filed on the 27th of January 1806, stated that a tract of land called *Norfolk* was surveyed for one *Mooberry*, and the certificate thereof assigned to the complainant on the 2d of September 1794. That *J. Jarrett*, one of the defendants, (now one of the appellees,) claiming title to the land, the complainant filed a bill against him for relief in equity. The proceedings on that bill was set out as in *West vs. Jarrett*, 1 Harr. & Johns. 588. The bill further stated, that *J. Jarrett*, and *B. Jarrett*, the other defendant, (and the other appellee,) have been in possession of the land ever since the year 1785, and cut down and used the timber therefrom, and taken the rents and profits until the time of executing the deed from *J. Jarrett* to the complainant, but whether they took the profits jointly or separately, the complainant could not tell. That immediately after the reversal of the decree, the complainant obtained possession of the land,

*(Margin note:)* D W filed a bill in chancery against J J, to preclude him from obtaining a grant for a tract of land, within the lines of which D W claimed land, and in 1804 by decree, J was decreed to convey to D W the land so claimed by him. D W afterwards in 1806, filed a bill against J J and B J, who had been in possession of the land since 1785, for an account of the wood and timber cut off by them, and for the rents and profits. J J and B J in their answer, stated that they had made considerable improvements on the land, more than the value of the rents and profits, for which they claimed to be allowed, and they relied on the act of limitations as a

*bar to an account.* Held, 1. That the former decree for a conveyance, &c was not a bar to this suit. 2. That no allowance ought to be made for improvements, nor any charge allowed for the wood and timber cut from the land. 3. That the act of limitations was a bar to the rents and profits claimed for the three years next preceding the filing the bill.

but the defendants, or either of them, have never account-
ed with him for any part of the profits thereof. Prayer,
that the defendants may account for the timber and wood
cut by them, and for the rents and profits, and for further
relief, &c. The defendants, in their answer, stated that
they had made considerable improvements on the land more
than sufficient to cover all the profits they received from
it. They pleaded and relied on the act of limitations as a
bar to an account. Commissions were issued and testimo-
ny taken.

KILTY, Chancellor, (February term 1810.) The testi-
mony taken under the commission is such as to render it
difficult to form a correct opinion as to the value of the im-
provements, and the relative value of the land before it
was cleared, and at the time when *West* obtained posses-
sion of the land with the improvements. But on the
several points made by the counsel, the chancellor has
come to the following conclusion: 1. That the decree
of the court of appeals, for a conveyance of the land
by *Jarrett* to *West*, instead of vacating the patent as par-
ticularly prayed by the bill, is not a bar to the present
suit, inasmuch as no account was prayed, and the de-
cree does not necessarily imply that an account was im-
proper, nor does it appear that the subject was in that *re-
spect* considered and acted upon by the court. 2. That no
allowance ought to be made for improvements, nor any
charge allowed for the timber or wood cut from the land.
3. That the act of limitations pleaded and relied on in the
answer, is a bar to the rents and profits claimed for the
three years next preceding the filing of the bill. And as
to the fraud alleged by the counsel for the complainant to
prevent this plea from being a bar to so much, the chancellor
does not perceive that any such fraud is alleged in the pre-
sent bill, or that it is to be inferred from the proceedings
in the former suit. The late chancellor stated as the
grounds of his decree, that the then complainant, *West*,
had not satisfied him that he had an equitable claim to land
comprehended in the defendant's patent of *Contestable
Manor*, and that when the defendant obtained his patent,
he was apprised of the said equitable claim. For the re-
versal of this decree by the late court of appeals, no rea-
son appears to have been given. 4. That the charges of

interest, as stated in the auditor's account, are made according to the established practice in such cases, which the chancellor does not see any cause for altering. 5. That considering the nature of the transaction, and the proof of the amount of the rents for former years, a presumption arises that the same amount was afterwards received, and it is on this presumption only that the sum to be allowed in this decree can be supported. Upon these principles the auditor has been directed to state another account, by which it appears that there is a balance due to the complainant on the 15th of November 1808, of £173 8 3. *Decreed*, that the defendants pay to the complainant the said sum of £173 8 3, with interest thereon from the 15th of November 1808, until paid. Costs not allowed. From this decree the complainant appealed to this court.

The cause was argued before Chase, Ch. J. and Buchanan, Nicholson, and Earle, J.

*Shaaff* and *T. Buchanan*, for the Appellant, to show that the act of limitations was no bar to the claim for rents and profits, referred to *Pulteny vs. Warren*, 6 *Ves.* 73. *Dormer vs. Fortescue* 3 *Atk.* 124; and *Schnertzell vs. Chaplne*, 3 *Harr. & M'Hen.* 439.

*Martin* and *Magruder*, for the Appellees, cited *Gill vs. Cole*, 1 *Harr. & Johns.* 403, and *Sugd.* 243.

DECREE AFFIRMED.

---

## PRATHER vs. JOHNSON, *et al.*

Error to *Prince-George's* County Court. This was an action of *assumpsit*, brought on the 3d of August 1796, for money laid out and expended. The defendant (now plaintiff in error,) pleaded *non assumpsit*, and *non assumpsit in fra tres annos.*

1. At the trial the plaintiffs, (the defendants in error,) proved that *Thomas Williams*, deceased, was collector of

1814.

Prather
vs
Johnson.

DECEMBER.

Where the sureties of W deceased, late a collector of public taxes, were compelled, as such, to pay the amount due from the collector to the state, and for their reimbursement, an act of assembly authorised them to bring suits against persons owing taxes, in the same manner as W might—Held, that as W could have brought suits and recovered on proof of the taxes being due, and that they were paid by him to the state, the sureties could do the same; and that it was of no consequence whether the sureties all together paid, or only one of them paid, or the collector had paid, for by substitution they stood in the place of the collector.

If A, as surety of B, pays a debt due to C, on proof of the payment, A could recover of B, and an oral or written acknowledgment by C, of the payment, would be evidence in the suit against B.

When an act of assembly directs that the certificate of a public officer shall be evidence, a paper produced with his name will be evidence *prima facie* unless the name is proved not to have been signed by him, as where a paper, purporting to be an account made out by T H, as treasurer of the W n, and signed by him, and by him sworn to before a justice of the peace, with a certificate of the clerk of the county that such person was a justice, &c. was permitted to be read in evidence, under the act of 1794, ch 198.